**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DOMINICK W. ANDREWS,

Plaintiff,

vs. Case No. 3:12-cv-487-J-34JRK

SANDRA L. TRIPPE, et al.,

Defendants.
_____________________________________/

**REPORT AND RECOMMENDATION**[1]

This cause is before the Court on Defendants' Motion to Dismiss (Doc. No. 54; "Motion"), filed October 26, 2012. Plaintiff filed a response in opposition to the Motion. See Plaintiff's Answer to Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 57; "Response"), filed November 6, 2012. On October 31, 2012, the Motion was referred to the undersigned by the Honorable Marcia Morales Howard, United States District Judge, for a report and recommendation regarding an appropriate resolution.[2] See Order of Referral (Doc. No. 55).

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file a timely objection waives a party's right to a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

[2] Judge Howard requested that the report and recommendation be entered no later than January 18, 2013. Order of Referral (Doc. No. 55). On January 17, 2013, the undersigned's chamber's staff was advised by Plaintiff that he had mistakenly omitted one page from a "Motion for Leave to File Second Amended Complaint" (Doc. No. 66) that he had filed on December 26, 2012, and that he had mailed it to the Clerk's Office for filing. Plaintiff's Notice (Doc. No. 67; "Notice"), which includes the missing page, was received by the Clerk's Office on January 22, 2013, and it was entered on the public docket on January 24, 2013. Because the actual filing of the Notice did not occur until after the requested date for this Report and Recommendation, with Judge Howard's consent, this Report and Recommendation is entered after the requested date.

A hearing on the Motion was held on December 12, 2012, during which the undersigned heard argument from Plaintiff and from counsel for Defendants. Minute Entry (Doc. No. 63). At the hearing, Plaintiff seemed to become somewhat persuaded by Defendants' arguments regarding the Amended Complaint (Doc. No. 53; "Am. Compl."), filed October 18, 2012, being subject to dismissal for a lack of subject matter jurisdiction, and Plaintiff requested leave to file a second amended complaint. The undersigned took Plaintiff's request to amend under advisement and allowed Plaintiff to file a motion outlining his proposed amendments. See Order (Doc. No. 64), entered December 12, 2012. Plaintiff timely did so, and Defendants timely responded. By separate Order, entered simultaneous with this Report and Recommendation, the undersigned has denied Plaintiff's request to file a second amended complaint and has found that further amendment would be futile; accordingly, this Report and Recommendation concerns only the Motion to Dismiss Plaintiff's Amended Complaint.

## I. Background

Plaintiff initiated this action on April 27, 2012 by filing a Complaint (Doc. No. 1; "Compl."), alleging, inter alia, that "Defendants have violated Plaintiff[']s Constitutional Rights[,] . . . slandered and defamed [P]laintiff[, and] caused emotional distress and fraud on [P]laintiff." Compl. at 2. On September 28, 2012, the Complaint was stricken as an impermissible shotgun pleading, and Plaintiff was given leave to file an amended complaint. See Order (Doc. No. 52). Plaintiff timely filed the Amended Complaint on October 18, 2012. In the Amended Complaint, Plaintiff generally raises the same claims as he did in the original Complaint, and he categorizes the claims into six (6) counts: 1) "Conspiracy to Deny Citizen of Rig[ht]s Under 18 USC § 241"; 2) "Abuse of Process"; 3) "Malicious Prosecution"; 4) "Fraud"; 5) "Intentional

Infliction of Emotional Distress"; and 6) "Defamation-Libels and Slander." Am. Compl. at 6-16 (capitalization and emphasis omitted). Count I is the only count that relies on federal law; the remaining counts rely on state law. See id.

The underlying basis of Plaintiff's factual allegations mainly stem from a pending state court case.[3] See id. at 4-6. Plaintiff alleges that he "has been in litigation with [D]efendants for over 55 months, in Duval County Court." Id. at 4. He contends that Defendants continually "chang[e] the allegations, while the deposition[] testimony stay[s] the same." Id. According to Plaintiff, Defendants are engaged in a conspiracy to commit fraud and have "violated [P]laintiff's right to equal access to the Court." Id. Plaintiff accuses Defendants of filing "frivolous pleadings," committing "perjury" and "submit[ting P]laintiff to abuse of process and malicious prosecution." Id. at 4-5.

On October 26, 2012, Defendants filed the Motion.[4] Defendants argue first that the Court lacks subject matter jurisdiction, and second that the Amended Complaint fails to state a claim. See generally Motion. Plaintiff filed the Response in opposition to the Motion, see Response, and the undersigned heard argument during the December 12, 2012 hearing. The Motion is now ripe for review.

## II. Discussion

In the Amended Complaint, Plaintiff relies on the claim made in Count I to invoke the Court's federal question jurisdiction. Am. Compl. at 1. Plaintiff asserts this Court has the

---

[3] See Trippe v. Andrews, et al., No. 2008-ca-3629 (Fla. 4th Cir. Ct. filed Mar. 20, 2008).

[4] In the Motion, Defendants spend a great deal of time addressing Plaintiff's original Complaint. See generally Motion. Because the Complaint was stricken and the operative pleading is the Amended Complaint, the undersigned only addresses the arguments directed at the Amended Complaint.

authority to exercise supplemental jurisdiction over the remaining counts, all arising under state law, because it has original jurisdiction over Count I. Id. Defendants argue that Plaintiff has failed to "plead facts sufficient to establish federal question jurisdiction." Motion at 23.

"Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms"–facial attacks and factual attacks. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990); see Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232-33 (11th Cir. 2008). "Facial attacks on the complaint require[ ] the court merely to look and see if [a] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Lawrence, 919 F.2d at 1529 (citations and quotations omitted). On a facial attack, a plaintiff is given similar safeguards as those afforded to plaintiffs who oppose a motion to dismiss for failure to state a claim–that is, "the court must consider the allegations of the complaint to be true." Id. (citations omitted). On the other hand, factual attacks "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. (citations and quotations omitted). When considering a factual attack, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to [a] plaintiff's allegations." Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)[5] (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). The burden of establishing subject matter

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former United States Court of Appeals for the Fifth Circuit that were rendered prior to the close of business on September 30, 1981.

jurisdiction "rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citation omitted).

Here, Defendants' facial attack on the Court's subject matter jurisdiction is well-taken.[6] The only Count in which Plaintiff relies on federal law in the Amended Complaint is Count I: "Conspiracy to Deny Citizen of Rig[ht]s Under 18 USC § 241"; the remaining counts are state law claims (a point with which Plaintiff agreed at the hearing). Section 241 of Title 18, United States Code, a federal criminal conspiracy statute, provides in pertinent part:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or
>
> If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured–
>
> They shall be fined under this title or imprisoned not more than ten years, or both . . . .

18 U.S.C. § 241. "This statute provides for criminal penalties but 'does not authorize civil suits or give rise to civil liability.'" Durso v. Summer Brook Pres. Homeowners Ass'n, 641 F. Supp. 2d 1256, 1267-68 (M.D. Fla. 2008) (citations omitted) (dismissing a civil plaintiff's claim under 18 U.S.C. § 241). Even accepting Plaintiff's allegations as true, Plaintiff, a civil litigant, simply

[6] As an initial observation, it appears to the undersigned, based on the pleadings, motions, and arguments presented at the December 12, 2012 hearing, that Plaintiff brought the instant suit in hopes of curing the perceived wrongs he believes he is suffering in state court. The undersigned advised Plaintiff at the hearing that jurisdiction to hear such complaints does not lie in this Court.

cannot bring a cause of action under 18 U.S.C. § 241.[7] Consideration of the four corners of the Amended Complaint reveals that Plaintiff has not "sufficiently alleged a basis of subject matter jurisdiction." Lawrence, 919 F.2d at 1529 (citations and quotations omitted). Count I, therefore, must be dismissed for lack of subject matter jurisdiction.

Given that Count I, the only purported federal claim, must be dismissed, the undersigned turns to the remaining Counts. Counts II through VI arise under state law. See Am. Compl. at 7-16. Although this Court has discretion to exercise supplemental jurisdiction, there exists no basis for the Court to do so here. See 28 U.S.C. § 1367(c)(3) (noting that a "district court[] may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction"); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) (recognizing that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties" and that "if federal claims are dismissed before trial . . . the state claims should be dismissed as well"); Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir. 1999) (internal quotations and citations omitted) (noting that "if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of state claims").[8]

After due consideration, it is

**RECOMMENDED**:

---

[7] Even under the civil conspiracy statute, 42 U.S.C. § 1985 (a statute not relied on by Plaintiff), Plaintiff's claim would fail. Plaintiff's "conclusory allegations of . . . [a] conspiracy, without more, are not sufficient." Santillana v. Fla. State Ct. Sys., 450 F. App'x 840, 844 (11th Cir. 2012) (unpublished).

[8] As previously stated, by separate Order entered on this same date, the undersigned has determined that allowing Plaintiff a second opportunity to amend would be futile.

1. That Defendants' Motion to Dismiss (Doc. No. 54) be **GRANTED** to the extent that this case be **DISMISSED** for the reasons stated herein.

2. That the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 27, 2013.

James R. Klindt
**JAMES R. KLINDT**
United States Magistrate Judge

jld
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Pro Se Party
Counsel of Record